UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:06CR-19-R

UNITED STATES OF AMERICA                                                               PLAINTIFF

v.

STEVEN DALE GREEN                                                                      DEFENDANT

**MEMORANDUM OPINION**

This matter has come before the Court upon the Defendant's Motion to Declare Lethal Injection Unconstitutional (Docket #94). The United States has responded (Docket #105) and the Defendant has replied (Docket #122). This matter is ripe for adjudication. For the following reasons, the Defendant's Motion is **DENIED**.

**DISCUSSION**

The Defendant has essentially asked this Court to declare that lethal injection, as a method of carrying out a sentence of death, is unconstitutional *per se.* He argues that lethal injection violates the Eighth Amendment to the United States Constitution because it constitutes cruel and unusual punishment. The Defendant does not argue that a specific aspect of the lethal injection protocol employed in Kentucky is unconstitutional.[1] Instead, he asserts that "lethal injection, as a method of execution, does not comport with 'evolving standards of decency' because it causes 'the purposeless and needless imposition of pain and suffering.'" The

---

[1] 18 U.S.C. § 3596(a) provides that federal death sentences shall be implemented "in the manner prescribed by the law of the State in which the sentence is imposed." In Kentucky, all death sentences imposed after March 31, 1998, "shall be executed by continuous intravenous injection of a substance or combination of substances sufficient to cause death." KRS § 431.220 (2008). Kentucky's use of a lethal injection three-drug protocol consisting of sodium thiopental, pancuronium bromide, and potassium chloride was recently upheld in *Baze v. Rees*, 2008 U.S. LEXIS 3476 (Apr. 16, 2008).

Defendant has not cited any evidence or provided any background for this proposition.

As the United States Supreme Court recently reiterated in *Baze v. Rees*, capital punishment is constitutional.  2008 U.S. LEXIS 3476, at *22 (Apr. 16, 2008) (citing *Gregg v. Georgia*, 428 U.S. 153 (1976)).  The Supreme Court "has never invalidated a State's chosen procedure for carrying out a sentence of death as the infliction of cruel and unusual punishment." *Id.* at *24.  Thirty-six states and the Federal Government have "adopted lethal injection as the exclusive or primary means of implementing the death penalty." *Id.* at *14-15.  In fact, the petitioners in *Baze* did not claim that lethal injection itself or the particular protocol adopted in Kentucky constituted the cruel or wanton infliction of pain.[2] *Id.* at *26.  Instead, the petitioners conceded that "if performed properly, an execution carried out under Kentucky's procedures would be humane and constitutional." *Id.* (internal citations omitted).

The United States stresses, and the Court agrees, that the Defendant's motion is premature.  The Defendant's trial is a year away; he has neither been convicted of a capital crime nor has he been sentenced to death.

In response, the Defendant argues that while he has not yet been convicted of capital murder, sentenced to death, and exhausted his appeals, he brought this motion at this time "to avoid any future claim by the Government that a later challenge to the constitutionality of execution by lethal injection is merely a dilatory tactic."  However, the Defendant has a long way to go before a court would consider a challenge to his not-yet-imposed hypothetical death

---

[2]The petitioners claimed that there was a significant risk that the procedures would not be properly followed, resulting in severe pain.  They contended that the Eighth Amendment prohibits procedures that create an "unnecessary risk" of pain. *Baze*, 2008 U.S. LEXIS 3476, at *23-27.

sentence "dilatory." Such a constitutional challenge to the death penalty or the method of execution could only be considered dilatory if, for example, the Defendant waits until the eleventh hour to file a challenge after being given many opportunities during a years-long appeals process. *If* the Defendant is convicted at trial, and *if* a death sentence is imposed, he will be given ample opportunity under much more appropriate circumstances to challenge his sentence.

For example, in *Workman v. Bredesen*, the petitioner challenged Tennessee's three-drug protocol, and the Sixth Circuit Court of Appeals found that the petitioner's challenge was "the kind of 'dilatory' suit from which 'federal courts can and should protect [the] States.'" 486 F.3d 896, 912 (6th Cir. Tenn. 2007) (quoting *Hill v. McDonough*, 126 S. Ct. 2096, 2104 (2006)). The petitioner had been given a capital sentence in 1982. *Id.* at 900. The Tennessee Supreme Court affirmed the sentence in 1984, "the state courts denied his petition for post-conviction relief in 1993," and the Sixth Circuit "denied his initial federal habeas petition in 1998." *Id.* at 911 (internal citations omitted). In 2000, Tennessee ordered the use of lethal injection as the "presumptive method for all executions in the State," and by that year the petitioner "faced the prospect of imminent execution by lethal injection" because he "had completed his state and federal direct and (initial) collateral attacks on his sentence." *Id.* at 912.

Yet, the petitioner in *Workman* still did not challenge the lethal injection protocol either before or after a stay was issued within days of each of his successive execution dates in April 2002, January 2002, March 2001, September 2003, and September 2004. *Id.* The Sixth Circuit stated that by waiting "until the eve of his sixth execution" to bring the challenge, after passing on so many opportunities and waiting so long after the denial of his federal habeas petition, the

petitioner's challenge was dilatory, and after twenty-five years, the State had a "right to impose its sentence." *Id.* at 912-13. The petitioner's challenge in *Workman* was certainly dilatory; the Defendant's current worry that a future challenge to his possible conviction and sentence may also be considered dilatory by a future court should not concern either him or this Court at this time.

  The Defendant has been charged with federal crimes. At a later date, *if* the Defendant is convicted and sentenced to death, he may be able to challenge the "validity" of his conviction or sentence through a 28 U.S.C. § 2255 habeas petition, or he may perhaps challenge the "execution" of his sentence through a 28 U.S.C. § 2241 petition. *See Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001) ("Section 2255, which like Section 2241 confers habeas corpus jurisdiction over petitions from federal prisoners, is expressly limited to challenges to the validity of the petitioner's sentence. Thus, Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997); *Allen v. White*, 185 Fed. Appx. 487 (6th Cir. Tenn. 2006); *Ortiz v. Karnes*, 2007 U.S. Dist. LEXIS 49030, at *10-13 (S.D. Ohio July 5, 2007); *Hawthorne v. United States*, 2007 U.S. Dist. LEXIS 3101, at *6 n.3 (N.D. Ohio Jan. 16, 2007).

  The Defendant also indicates that after *Baze*, other lethal injection issues such as "how execution administrators are trained, how the drugs are administered, etc." are unresolved and subject to challenge. While it is certainly true that Justice Stevens made such an observation in his concurring opinion, the Defendant has not actually proffered any such arguments, nor has he produced a scintilla of evidence for any such proposition. *Baze*, 2008 U.S. LEXIS 3476, at *63

4

(Stevens, J. concurring in the judgment and stating, "I am now convinced that this case will generate debate not only about the constitutionality of the three-drug protocol, and specifically about the justification for the use of the paralytic agent, pancuronium bromide, but also about the justification for the death penalty itself.").

Given all of this, the Court has no basis on which it may grant the Defendant's motion. The Defendant has not supported the motion in any way, and it is not appropriate at this time. The Court is bound by precedent; capital punishment is constitutional, as is Kentucky's lethal injection protocol.  *See Baze*, 2008 U.S. LEXIS 3476.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Declare Lethal Injection Unconstitutional is **DENIED**.

An appropriate order shall issue.