UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:06CR-19-R

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.

STEVEN DALE GREEN                                                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter has come before the Court upon the Defendant's Motion to Declare the Federal Death Penalty Act Unconstitutional Due to Improper Sentencing Procedures (Docket #95). The United States has responded (Docket #103). This matter is ripe for adjudication. For the following reasons, the Defendant's Motion is **DENIED.**

## DISCUSSION

The Defendant moves this Court to declare the Federal Death Penalty Act (FDPA) unconstitutional due to the findings of the Capital Jury Project (CJP).

The Capital Jury Project is program of research on the decision-making of capital jurors started in 1991 by a grant from the National Science Foundation. "The findings of the CJP are based on 3-4 hour in-depth interviews with persons who have served as jurors in capital trials. The interviews chronicle the jurors' experiences and decision-making over the course of the trial, identify points at which various influences come into play, and reveal the ways in which jurors reach their final sentencing decisions." http://www.albany.edu/scj/CJPhome.htm (last visited May 8, 2008). The original goal of the CJP was "to learn whether jurors' exercise of capital sentencing discretion under modern capital statutes conforms to constitutional standards, whether these statutes have remedied the arbitrariness ruled unconstitutional by the U.S. Supreme Court in *Furman v. Georgia*,"and the CJP now also examines "the role played by

jurors' race in making the life or death sentencing decision." *Id.* According to the Defendant, the current CJP working sample includes 1,201 jurors from 354 capital trials in 14 states. The CJP's website contains this information:

> The states were selected to represent the various forms capital statutes have taken since 1972 when the U.S. Supreme Court declared all earlier capital statues unconstitutional. Samples of 20-30 capital trials were selected in each state and a target sample of four jurors was drawn for interviews in each case. The juror interviews obtained data through both structured questions with predetermined response options and open-ended questions that call for detailed narrative accounts of the respondent's experiences as a capital jurors.

*Id.*

The Defendant argues that the findings of the CJP reveal seven characteristics of capital juries, the existence of which renders the application of the death penalty under the FDPA unconstitutional. These seven characteristics are: (1) premature decision-making which renders the penalty phase meaningless; (2) the failure of jury selection to remove large numbers of death-biased jurors, and the overall biasing effect of the selection process itself; (3) the pervasive failure of death qualified jurors in actual cases to comprehend and/or follow penalty instructions; (4) the wide-spread belief among jurors who sat on capital trials that death is required; (5) the wholesale evasion of responsibility for the punishment decision; (6) the continuing influence of race discrimination on juror decision-making; and (7) the significant underestimation of the alternative to death.

Essentially, the Defendant asks the Court to adopt the findings of the CJP as law, using the findings of a research project to declare the FDPA unconstitutional. The findings of the CJP are not precedent and are not binding upon this Court. Further, the Defendant makes no attempt to connect the findings of the CJP to the FDPA and has not shown that the FDPA produces any

2

of the seven characteristics. While a few federal courts have noted CJP research[1], no court has ever adopted the CJP's findings as its own, nor have the CJP's findings ever been cited as precedent of any kind.

Recently, the United States District Court for the District of Idaho rejected the defendant's argument that "the death penalty is imposed in an arbitrary, capricious, and random matter, based on the findings of the Capital Jury Project." *United States v. Duncan*, 2008 U.S. Dist. LEXIS 14506, at *2 (D. Idaho Feb. 26, 2008). The court stated:

> Following the Supreme Court's decision in *Furman* [v. Georgia, 408 U.S. 238 (1972)], Congress promulgated the FDPA which set forth a capital sentencing scheme that courts have repeatedly deemed constitutional. *United States v. Sampson*, 486 F.3d 13 (1st Cir. 2007) (citing cases). The findings of the CJP do not provide a basis for undermining the constitutionality of the FDPA. The arguments raised in the motion are not particular to the facts of this case or even to this District. Similar arguments that the findings of certain death penalty studies justify invalidating capital statutes have been rejected by other courts. *See United States v. Regan*, 228 F.Supp.2d 742, 746 (E.D.Va. 2002) and *United States v. Llera Plaza*, 179 F.Supp.2d 444, 450 (E.D.Pa. 2001) (citing studies regarding incomprehensibility of the jury instructions used in capital cases). So too here, the findings of the CJA are insufficient to support the Defendant's motion and the Court denies the same.

*Id.* at *2-3.

The Court agrees with the *Duncan* court that the findings of the CJP provide no basis for undermining the constitutionality of the FDPA, a statute that has withstood innumerable attacks since its passage in 1994.

The Government correctly points out that the Defendant's arguments are most suitable for consideration by a legislative body. The FDPA has not been declared unconstitutional by the

---

[1]This is usually by reference to a study that discusses the CJP, or in discussing an argument by a defendant.

3

United States Supreme Court.  The Defendant's claim that the findings of the CJP necessarily lead to the conclusion that the FDPA is unconstitutional due to improper sentencing procedures in entirely unsupported by law.

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Defendant's Motion to Declare the Federal Death Penalty Act Unconstitutional Due to Improper Sentencing Procedures is **DENIED**.