UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:06-CR-00019-TBR

UNITED STATES OF AMERICA                                                                           PLAINTIFF

v.

STEVEN DALE GREEN                                                                                    DEFENDANT

**OPINION AND ORDER**

This matter comes before the Court upon Defendant Steven Dale Green's Motion to Preserve Agents' Notes (Docket #153). The Government has responded (Docket #165). This matter is now ripe for adjudication.

Defendant moves the Court to enter an order "to compel any and all governmental law enforcement officials who aided in the investigation" of this case to preserve all their "rough notes, memoranda, resumes, synopses, etc., which were taken as part of their investigation." Defendant argues that any rough notes produced by law enforcement officials in conjunction with this case must be preserved because they are potentially discoverable under either the Supreme Court's decision in *Brady v. Maryland*, 373 U.S. 83 (1963), or under the Jencks Act, 18 U.S.C. § 3500 *et seq*. The Government responds that it is under no obligation to preserve notes produced by government agents in the course of an investigation.

The *Brady* doctrine and Jencks Act grant a criminal defendant access to certain evidence. The *Brady* doctrine requires the prosecution to disclose all material exculpatory and impeachment evidence to a defendant. *Brady*, 373 U.S. at 87; *Jells v. Mitchell*, 538 F.3d 478, 501-02 (6th Cir. 2008). The Jencks Act requires that, following the testimony of a government witness, the defendant can request, and the court order, the government to provide certain documents that relate to the subject matter of the government witness' testimony. 18 U.S.C. §

3500(a), (b).

Interpreting the *Brady* doctrine, the Sixth Circuit has explained that "the Due Process Clause does not impose 'an undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular prosecution.' The government's constitutional duty to preserve evidence is limited to evidence that possesses an exculpatory value which was apparent before the evidence was destroyed." 102 F.3d 214, 219 (6th Cir. 1996) (quoting *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988)). Thus, the Government is under no obligation to preserve *all* the rough notes of its agents, although it is under a duty to preserve any rough notes that are known to exculpate Defendant.

The Sixth Circuit has likewise held that the routine destruction of interview notes does violate either the *Brady* doctrine or the Jencks Act. *United States v. McCallie*, 554 F.2d 770, 773 (6th Cir. 1977) (citing *United States v. Hurst*, 510 F.2d 1035, 1036 (6th Cir. 1975); *United States v. Lane*, 479 F.2d 1134, 1135-36 (6th Cir.) cert. denied, 414 U.S. 861 (1973); *United States v. Fruchtman*, 421 F.2d 1019, 1021-22 (6th Cir.), cert. denied, 400 U.S. 849(1970). *Cf. United States v. Lonardo*, 350 F.2d 523 (6th Cir. 1965)). However, the fact that the routine destruction of interview notes does not constitute a violation of either the *Brady* doctrine or the Jencks Act does not preclude the Court from issuing an order prohibiting the routine destruction of notes from this point forward.

In support of his motion, Defendant cites case law from other Circuit Courts holding that the government must preserve the rough notes and draft reports of its agents. *See United States v. Harrison*, 524 F.2d 421 (D.C. Cir. 1975); *United States v. Harris*, 543 F.2d 1247 (9th Cir. 1976); *United States v. Ammar*, 714 F.2d 238 (3d Cir. 1983). The Government responds that these cases are inapposite to the law of the Sixth Circuit. In concluding so, the Government

points to the Sixth Circuit's decision in *United States v. McCallie*, wherein the court explained:

> We, of course, note that two Circuits have now held that destruction of FBI interview notes is a violation of the Jencks Act or the Brady, supra, doctrine. We do not, however, feel that this case is a suitable vehicle to review this Circuit's settled case law on this subject. This record shows neither arguable prejudice nor any demand for the notes by appellant's trial counsel.

554 F.2d at 773 (citing *Harrison*, 524 F.2d 421 (1975); *Harris*, 543 F.2d 1247 (9th Cir. 1976)). The holding in *McCallie* does not prevent the Court from issuing an order prohibiting the future destruction of interview notes.

The Government does not argue that preserving the rough notes produced by its agents would be administratively burdensome or prejudicial in any way. Given the circumstances of this case, and out of an abundance of caution, the Court finds no reason why it should not grant Defendant's motion. In doing so, the Court expresses no opinion as to whether or not the *Brady* doctrine or Jencks Act compel the government to preserve the rough notes of its agents.

For the foregoing reasons, IT IS HEREBY ORDERED that the Government direct all law enforcement and investigative officials involved in this case to preserve their investigative materials, including their rough notes, currently in existence and in the future.