UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:06-CR-19-R

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.

STEVEN D. GREEN                                                                                    DEFENDANT

**OPINION AND ORDER**

This matter is before the Court upon Defendant's Motion for Court to Order United States to Provide Transportation, Security, Escort and Translation Services for Defense Investigation of Crime Scene (Docket #186). The United States has responded (Docket #197). This matter is now ripe for adjudication. For the reasons that follow, Defendant's motion is DENIED.

Defendant moves the Court to enter an order requiring the United States to provide transportation, security, escort and translation services so that Defendant can investigate the crime scene in this case, which is located in Mahmudiyah, Iraq. Defendant argues that an investigation of the crime scene and surrounding area is necessary to provide effective assistance of counsel. While at the crime scene, Defendant proposes to conduct interviews with various unidentified family members and neighbors of the victims, along with any Iraqi and United States military personnel familiar with the conditions of the area between the Fall of 2005 and March 2006.

The United States responds that Defendant's motion is both unfounded and meant to cause unnecessary delay. Since January 2007, the United States has provided Defendant with approximately two hundred photographs as well as video recordings of the crime scene. The

United States has also provided Defendant with the results of all forensic testing performed by the Army's Criminal Investigation Division on materials recovered from the crime scene. Additional photographs of the surrounding area were provided to Defendant in early April 2007.

Trial counsel have a duty to investigate Defendant's case. *Avery v. Prelesnik*, 548 F.3d 434, 437 (6th Cir. 2008). "This duty includes the obligation to investigate all witnesses who may have information concerning [a] client's guilt or innocence." *Id.* (quoting *Stewart v. Wolfenbarger*, 468 F.3d 338, 356 (6th Cir. 2006)). Failure to effectively assist in the representation of a client can lead to a reversal of a conviction or death sentence. *See Strickland v. Washington*, 466 U.S. 668, 671 (1984).

The proper measure of trial counsel's performance is "reasonableness under prevailing professional norms." *Id.* at 688. The effectiveness of trial counsel's performance will depend on "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. "Though there may be unusual cases when an attorney can make a rational decision that investigation is unnecessary, as a general rule an attorney must investigate a case in order to provide minimally competent professional representation." *Crisp v. Duckworth*, 743 F.2d 580, 584 (7th Cir. 1984). Nonetheless, "the duty to investigate and prepare a defense is not limitless: it does not necessarily require that every conceivable witness be interviewed or that counsel must pursue 'every path until it bears fruit or until all conceivable hope withers.'" *U.S. v. Tucker*, 716 F.2d 576, 584 (9th Cir. 1983) (quoting *Lovett v. Florida*, 627 F.2d 706, 708 (5th Cir.1980)).

The Court finds it appropriate under the present circumstances to deny Defendant's motion. The Court's determination is based on several factors, including the severity of the

present security situation in Mahmudiyah, the amount of evidence the United States has already provided to Defendant, the speculative nature of Defendant's proposed investigation and the delay that would result if the Court were to grant Defendant's motion.

Mahmudiyah, Iraq is part of what is commonly referred to as "The Triangle of Death," a dangerous war zone spanning from the northern city of Mahmudiyah, to Yusufiyah in the west and Iskandariyah in the south. The area, dominated by Sunni insurgents, is considered especially lethal for American forces due to the high volume of murders and kidnappings. It is uncontroverted that a civilian expedition to Mahmudiyah would require extensive planning, significant resources and the cooperation of both the United States and Iraqi governments.

The United States asserts that it has shared with Defendant all the evidence it has relating to the crime scene and surrounding area. Indeed, defense counsel will be at no disadvantage in not having traveled to the crime scene since both the prosecutors and FBI case agents in this case have not traveled to the crime scene, nor do they intend to do so. Furthermore, to the extent the United States is able to identify and procure the presence of the victims' family members for trial, the United States assures the Court that it will make those individuals available for interviews with defense counsel.

Even more significant than the Court's determination that the United States has made available all crime scene evidence is the speculative nature of Defendant's motion. Defendant does not identify any specific witnesses he seeks to interview nor does he describe the evidence he seeks to obtain in anything other than the most generalized terms. Adding to the speculative nature of Defendant's motion is the general volatility of the area and the passage of over three years since the crime allegedly occurred. These factors tend to diminish the probative value of

any evidence defense counsel might discover at the crime scene.

Finally, as the United States correctly points out, Defendant's motion comes before the Court only a few months prior to the beginning of trial. Defendant was indicted over two years ago. While some delay may have been due to the prolonged declassification of certain information provided by the United States Army, the Court finds that late nature of Defendant's motion contributes to the Court's overall assessment that Defendant will not be prejudiced by defense counsels' failure to visit the crime scene in Mahmudiyah, Iraq.

Simply put, at this time it is highly unlikely that an investigation of the crime scene would aid defense counsel in their defense of the case. Defendant has not identified with any particularity the need for such an investigation. While the Court understands the perceived necessity as to why defense counsel would file the present motion, the necessity or need to conduct an investigation of the crime scene so long after the alleged incident occurred is simply unwarranted where, under the present circumstances, the benefits of such an investigation are only speculative. There is no prejudice to Defendant.

The Court being duly and sufficiently advised, IT IS HEREBY ORDERED that Defendant's Motion for Court to Order United States to Provide Transportation, Security, Escort and Translation Services for Defense Investigation of Crime Scene is **DENIED**.