UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION       '09  MAY -7  P 4:15
CRIMINAL ACTION NO.: 5:06-CR-19-R

UNITED STATES V. STEVEN DALE GREEN


# JURY INSTRUCTIONS

## INSTRUCTION NO. 1

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crime that the defendant is accused of committing. Then I will explain some rules that you must use in evaluating particular testimony and evidence. And last, I will explain the rules you must follow during your deliberations in the jury room, and the possible verdicts that you may return. Please listen carefully to everything I say.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

2

## INSTRUCTION NO. 2

As you know, the defendant has pleaded not guilty to the crimes charged in the Indictment. The Indictment is not any evidence at all of guilt. It is just the formal way that the government tells a defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, a defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that a defendant is innocent. This presumption of innocence stays with the defendant unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that a defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that a defendant is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

## INSTRUCTION NO. 3

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

4

## INSTRUCTION NO. 4

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## INSTRUCTION NO. 5

Some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight you should give to either one, or says that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

6

**INSTRUCTION NO. 6**

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much wight you think it deserves. You are free to believe everything a witness said, or only part of it, or none at all. But you should act reasonably and carefully in making these decisions. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

7

## INSTRUCTION NO. 7

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testify makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

**INSTRUCTION NO. 8**

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decisions must be based only on the evidence that you saw and heard here in court.

**INSTRUCTION NO. 9**

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

Before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the indictment (and the lesser charges that I will explain to you). Your job is limited to deciding whether the government has proved the crimes charged (or one of the lesser charges).

## INSTRUCTION NO. 10

The defendant has been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

## INSTRUCTION NO. 11
### Count 1 - Conspiracy to Commit Murder

Count 1 of the Indictment accuses the defendant of a conspiracy to commit the crime of murder in violation of federal law. It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership. For you to find the defendant guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

First: that two or more persons conspired, or agreed, to commit the crime of murder, as defined in Instruction No. 21 or 22.

Second: that the defendant knowingly and voluntarily joined the conspiracy.

Third: that a member of the conspiracy did one of the overt acts described in the Indictment for the purpose of advancing or helping the conspiracy.

Fourth: that the conspiracy took place outside the United States.

Fifth: that the conspiracy took place while the defendant was a member of the Armed Forces subject to the Uniform Code of Military Justice. As a matter of law, I instruct you that an active duty member of the Armed Forces is subject to the Uniform Code of Military Justice.

Sixth: that the defendant's conspiracy to commit murder would constitute an offense punishable by imprisonment for more than 1 year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States. As a matter of law, I instruct you that conspiracy to commit murder is punishable by imprisonment for more than 1 year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States.

You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find the defendant guilty of the conspiracy charge in Count 1. If you are convinced that the government has proved all of these elements beyond a reasonable doubt, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 12
### Count 1 - Agreement

With regard to the first element of Count 1 – a criminal agreement – the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of murder.

This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of murder. This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

13

## INSTRUCTION NO. 13
### Count 1 - Defendant's Connection to the Conspiracy

If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendant knowingly and voluntarily joined that agreement. You must consider the defendant separately from any other defendant in this regard. To convict the defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

This does not require proof that the defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that the defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

But proof that the defendant knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because the defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are things that you may consider in deciding whether the government has proved that the defendant joined a conspiracy. But without more they are not enough.

What the government must prove is that the defendant knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals. This is essential.

The defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

14

**INSTRUCTION NO. 14**
**Count 1 - Overt Acts**

The third element that the government must prove in Count 1 is that a member of the conspiracy did one of the overt acts described in the Indictment for the purposes of advancing or helping the conspiracy.

The Indictment lists overt acts.  The government does not have to prove that all these acts were committed, or that any of these acts were themselves illegal.

But the government must prove that at least one of these acts was committed by a member of the conspiracy, and that it was committed for the purpose of advancing or helping the conspiracy.  This is essential.

## INSTRUCTION NO. 15
### Count 1 – Unindicted, Unnamed or Separately Tried Co-Conspirators

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

**INSTRUCTION NO. 16**
**Count 2 - Conspiracy to Commit Aggravated Sexual Abuse**

Count 2 of the Indictment accuses the defendant of a conspiracy to commit the crime of aggravated sexual abuse in violation of federal law. It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership. For you to find the defendant guilty of the conspiracy charge in Count 2, the government must prove each and every one of the following elements beyond a reasonable doubt:

First: that two or more persons conspired, or agreed, to commit the crime of aggravated sexual abuse, as defined in Instruction No. 24.

Second: that the defendant knowingly and voluntarily joined the conspiracy.

Third: that a member of the conspiracy did one of the overt acts described in the Indictment for the purpose of advancing or helping the conspiracy.

Fourth: that the conspiracy took place outside the United States.

Fifth: that the conspiracy took place while the defendant was a member of the Armed Forces subject to the Uniform Code of Military Justice. As a matter of law, I instruct you that an active duty member of the Armed Forces is subject to the Uniform Code of Military Justice

Sixth: that the defendant's conspiracy to commit aggravated sexual abuse would constitute an offense punishable by imprisonment for more than 1 year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States. As a matter of law, I instruct you that conspiracy to commit aggravated sexual abuse is punishable by imprisonment for more than 1 year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States.

You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find the defendant guilty of the conspiracy charge in Count 2. If you are convinced that the government has proved all of these elements beyond a reasonable doubt, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 17
### Count 2 - Agreement

With regard to the first element of Count 2 – a criminal agreement – the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of aggravated sexual abuse.

This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of aggravated sexual abuse. This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

18

**INSTRUCTION NO. 18**
**Count 2 - Defendant's Connection to the Conspiracy**

If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendant knowingly and voluntarily joined that agreement. You must consider the defendant separately from any other defendant in this regard. To convict the defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

This does not require proof that the defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that the defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

But proof that the defendant knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because the defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are things that you may consider in deciding whether the government has proved that the defendant joined a conspiracy. But without more they are not enough.

What the government must prove is that the defendant knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals. This is essential.

The defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

19

**INSTRUCTION NO. 19**
**Count 2 - Overt Acts**

The third element that the government must prove in Count 2 is that a member of the conspiracy did one of the overt acts described in the Indictment for the purposes of advancing or helping the conspiracy.

The Indictment lists overt acts. The government does not have to prove that all these acts were committed, or that any of these acts were themselves illegal.

But the government must prove that at least one of these acts was committed by a member of the conspiracy, and that it was committed for the purpose of advancing or helping the conspiracy. This is essential.

**INSTRUCTION NO. 20**
**Count 2 – Unindicted, Unnamed or Separately Tried Co-Conspirators**

Some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

### INSTRUCTION NO. 21
### Counts 3, 4, 5, 6 – Premeditated Murder

Counts 3, 4, 5, and 6 of the Indictment accuse the defendant of premeditated murder in violation of federal law.  For you to find the defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First: that the defendant unlawfully killed the person named in each Count (Count 3-Abeer Kassem Hamza Al-Janabi, Count 4-Hadeel Kassem Hamza Al-Janabi, Count 5-Kassem Hamza Rachid Al-Janabi, and Count 6-Fakhriya Taha Mohsine Al-Janabi).  You must consider each Count separately.

Second: that the defendant killed the person named in the Count with "malice aforethought."

Third: that the killing of the person in each Count was "premeditated" by the defendant.

Fourth: that the killing of the person named in each count occurred outside the United States.

Fifth: that the killing of the person named in each Count occurred while the defendant was a member of the Armed Forces subject to the Uniform Code of Military Justice As a matter of law, I instruct you that an active duty member of the Armed Forces is subject to the Uniform Code of Military Justice.

Sixth: that the killing of the person named in each Count would constitute an offense punishable by imprisonment for more than 1 year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States.  On this point, I am instructing you that as a matter of law, the crime of premeditated murder is punishable by imprisonment for more than 1 year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States.

To kill with "malice aforethought" means an intent at the time of the killing to take the life of another person, either deliberately and intentionally, or to willfully act with callous and wanton disregard for human life.  The government need not prove that the defendant hated the persons killed or felt ill will toward the victims at the time, but the evidence must establish beyond a reasonable doubt that the defendant acted either with the intent to kill or to willfully do acts with callous and wanton disregard for the consequences and which the defendant knew would result in a serious risk of death or serious bodily harm.

A killing is "premeditated" when it is the result of planning and deliberation.  The amount of time needed for premeditation of a killing depends on the person and the circumstances.  It must be long enough for the killer, after forming the intent to kill, to be fully conscious of that intent.  You should consider all the facts and circumstances preceding, surrounding, and following the killing, which tend to shed light upon the condition of the mind of the defendant, before and after the time of the killing.  No fact, no matter how small, no circumstance, no matter how trivial,

22

which bears on the question of malice aforethought and premeditation, should escape your attention.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on that charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of that charge. You must consider each Count separately, and come to unanimous agreement as to whether or not the government has satisfied its burden as to that Count. If you find the Defendant guilty of all four Counts of premeditated murder, please skip Instruction No. 22, and continue to Instruction No. 23. For any Count of premeditated murder that you unanimously find that the government has failed to satisfy its burden, or if after making every reasonable effort to reach a unanimous verdict, you find that you cannot agree, then consider whether the government has proven the lesser included offense of murder in the second degree as to that Count as defined in Instruction No. 22. In that case proceed to Instruction 22.

## INSTRUCTION NO. 22
### Counts 3, 4, 5, and 6 - Lesser Included Offense - Murder in the Second Degree

If you find the defendant not guilty of premeditated murder in any of Counts 3, 4, 5, or 6, or after making every reasonable effort to reach a unanimous verdict on that charge, you find that you cannot agree, then you must go on to consider whether the government has proved the lesser charge of murder in the second degree as to that Count.

The difference between these crimes is that to convict the defendant of the lesser charge of murder in the second degree, the government does not have to prove that the killing was premeditated as described in Instruction No. 21. This is an element of the greater charges, but not the lesser charge.

For you to find the defendant guilty of the lesser charge of murder in the second degree, the government must prove each and every one of the following elements beyond a reasonable doubt:

First: that defendant unlawfully killed the person named in each Count (Count 3-Abeer Kassem Hamza Al-Janabi, Count 4-Hadeel Kassem Hamza Al-Janabi, Count 5-Kassem Hamza Rachid Al-Janabi, and Count 6-Fakhriya Taha Mohsine Al-Janabi).

Second: that the defendant killed the person named in the Count with "malice aforethought."

Third: that the killing of the person named in each Count occurred outside the United States.

Fourth: that the killing of the person named in each Count occurred while the defendant was a member of the Armed Forces subject to the Uniform Code of Military Justice. As a matter of law, I instruct you that an active duty member of the Armed Forces is subject to the Uniform Code of Military Justice.

Fifth: that the killing of the person named in each Count would constitute an offense punishable by imprisonment for more than 1 year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States. On this point, I am instructing you that as a matter of law, the crime of murder in the second degree is punishable by imprisonment for more than 1 year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States.

To kill with "malice aforethought" means an intent at the time of the killing to take the life of another person, either deliberately and intentionally, or to willfully act with callous and wanton disregard for human life. The government need not prove that the defendant hated the persons killed or felt ill will toward the victims at the time, but the evidence must establish beyond a reasonable doubt that the defendant acted either with the intent to kill or to willfully do acts with callous and wanton disregard for the consequences and which the defendant knew would result in

24

a serious risk of death or serious bodily harm.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on that charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of that charge.  You must consider each Count separately, and come to unanimous agreement as to whether or not the government has satisfied its burden as to that Count.

## INSTRUCTION NO. 23
## Counts 7, 8, 9, 10 – Murder Committed in the Perpetration of Aggravated Sexual Abuse

Counts 7, 8, 9, and 10 of the Indictment accuse the defendant of murder committed in the perpetration of aggravated sexual abuse in violation of federal law. For you to find the defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First: that the persons named in each Count were killed (Count 7-Abeer Kassem Hamza Al-Janabi, Count 8-Hadeel Kassem Hamza Al-Janabi, Count 9-Kassem Hamza Rachid Al-Janabi, and Count 10-Fakhriya Taha Mohsine Al-Janabi). You must consider each Count separately.

Second: that the defendant caused the death of the person named in each Count.

Third: that the death of the victim occurred as a consequence of and while the defendant was knowingly and willfully engaged in perpetrating or attempting to perpetrate the crime of aggravated sexual abuse, as set out in Instruction No. 24.

Fourth: that the killing of the person named in each Count occurred outside the United States.

Fifth: that the killing of the person named in each Count occurred while the defendant was a member of the Armed Forces subject to the Uniform Code of Military Justice. As a matter of law, I instruct you that an active duty member of the Armed Forces is subject to the Uniform Code of Military Justice.

Sixth: that the killing of the person named in each Count would constitute an offense punishable by imprisonment for more than 1 year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States. On this point, I am instructing you that as a matter of law, the crime of murder committed in perpetration of aggravated sexual abuse is punishable by imprisonment for more than 1 year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on that charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of that charge. You must consider each Count separately, and come to unanimous agreement as to whether or not the government has satisfied its burden as to that Count.

## INSTRUCTION NO. 24
### Count 11 – Aggravated Sexual Abuse

Count 11 of the Indictment accuses the defendant of aggravated sexual abuse in violation of federal law. For you to find the defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First: that defendant caused or attempted to cause Abeer Kassem Hamza Al-Janabi to engage in a sexual act.

Second: that the defendant did so by using force against her or by threatening or placing her in fear that she, or any other person, would be subject to death, serious bodily injury, or kidnaping.

Third: that the defendant did such acts knowingly.

Fourth: that the aggravated sexual abuse occurred outside the United States.

Fifth: that the aggravated sexual abuse occurred while the defendant was a member of the Armed Forces subject to the Uniform Code of Military Justice. As a matter of law, I instruct you that an active duty member of the Armed Forces is subject to the Uniform Code of Military Justice.

Sixth: that the aggravated sexual abuse would constitute an offense punishable by imprisonment for more than 1 year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States. On this point, I am instructing you that as a matter of law, the crime of aggravated sexual abuse is punishable by imprisonment for more than 1 year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States.

The term "sexual act" means:

> Contact between the penis and vulva or the penis and the anus, and contact involving the penis occurs upon penetration however slight; or

> Contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; or

> Penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or to arouse or gratify the sexual desire of the defendant or any other person.

The term "serious bodily injury" means bodily injury that involves a substantial risk of death, unconsciousness, extreme physical pain, protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on that charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 25
### Counts 13, 14, 15, and 16 – Use of a Firearm during a Crime of Violence

Counts 13, 14, 15, and 16 of the Indictment charge the defendant with the use of a firearm during a crime of violence in violation of federal law.  For you to find the defendant guilty of these crimes, you mut be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First: that the defendant committed the crime in each Count, or its lesser included offense.  (For example: Count 13 requires that defendant committed the crime of the premeditated murder of Abeer kassem Hamza Al-Janabi as charged in Count 3 or the lesser included offense of murder in the second degree; Count 14 requires that the defendant committed the crime of the premeditated murder of Hadeel Kassem Hamza Al-Janabi as charged in Count 4 or the lesser included offense of murder in the second degree; Count 15 requires that the defendant committed the crime of the premeditated murder of Kassem Hamza Rachid Al-Janabi as charged in Count 5 or the lesser included offense of murder in the second degree; and Count 16 requires that the defendant committed the crime of the premeditated murder of Fakhriya Taha Mohsine Al-Janabi as charged in Count 6 or the lesser included offense of murder in the second degree.)  Premeditated murder and murder in the second degree are crimes of violence which may be prosecuted in a court of the United States.  You must consider each Count separately and unanimously agree that the defendant committed the crime alleged in that Count.

Second: the defendant knowingly used or carried a firearm.

Third: the use or carrying of the firearm was during and in relation to the crime identified in each Count.

Fourth: the defendant's use or carrying of the firearm during and in relation to the crime identified in each Count occurred outside the United States.

Fifth: the defendant's use or carrying of the firearm during and in relation to the crime identified in each Count occurred while the defendant was a member of the Armed Forces subject to the Uniform Code of Military Justice.  As a matter of law, I instruct you that an active duty member of the Armed Forces is subject to the Uniform Code of Military Justice.

Sixth: that the defendant's use or carrying of the firearm during and in relation to the crime identified in each Count would constitute an offense punishable by imprisonment for more than 1 year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States.  On this point, I am instructing you that as a matter of law, the crime of using or carrying a firearm during a crime of violence is punishable by imprisonment for more than 1 year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States.

Now I will give you more detailed instructions on some of these terms.

To establish "use," the government must prove active employment of the firearm during and in relation to the crime charged in each Count. "Active employment" means activities such as brandishing, displaying, bartering, striking with, and most obviously firing or attempting to fire, a firearm. "Use" also includes a person's reference to a firearm in his possession for the purpose of helping to commit the crime identified in each Count. "Use" requires more than mere possession or storage.

"Carrying" a firearm includes carrying it on or about one's person.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

The term "during and in relation to" means that the firearm must have some purpose or effect with respect to the crime charged in each Count; in other words, the firearm must facilitate or further, or have the potential of facilitating or furthering the crime identified in each Count, and its presence or involvement cannot be the result of accident or coincidence.

The term "knowingly" means voluntarily and intentionally, not because of mistake or accident.

If you are convinced that the government has proved all of the elements for any individual Count beyond a reasonable doubt, say so by returning a guilty verdict on this Count. If you have a reasonable doubt about any of the elements of a particular Count, then you must find the defendant not guilty of that Count. You must consider each Count separately, and come to unanimous agreement as to that particular Count.

30

**INSTRUCTION NO. 26**
**Count 17 – Obstruction of Justice**

Count 17 of the Indictment charges the defendant with obstruction of justice in violation of federal law. For you to find the defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First: the defendant corruptly destroyed, mutilated, or concealed objects, or attempted to corruptly destroy, mutilate, or conceal objects.

Second: that the defendant did so knowingly.

Third: that the defendant did so with the intent to impair the object's integrity or availability for use in an official proceeding.

An "official proceeding" means a proceeding before a judge or court of the United States or a federal grand jury. However, the defendant need not know that the proceeding was a federal proceeding. Further, it is not necessary that a proceeding actually be pending or about to be instituted.

If you are convinced that the government has proved all of these elements beyond a reasonable doubt, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 27
### Aiding and Abetting

For you to find the defendant guilty of premeditated murder (Counts 3-6), murder committed in the perpetration of aggravated sexual abuse (Counts 7-10), aggravated sexual abuse (Count 11), use of a firearm during a crime of violence (Counts 13-16), or obstruction of justice (Count 17), it is not necessary for you to find that he personally committed the crime. You may also find him guilty if he intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find defendant guilty of premeditated murder, murder committed in the perpetration of aggravated sexual abuse, aggravated sexual abuse, use of a firearm during a crime of violence, or obstruction of justice as an aider and abettor, you must be convinced beyond a reasonable doubt that the government has proved each and every one of the following elements beyond a reasonable doubt:

First: that the particular crime identified in Counts 3, 4, 5, 6, 7, 8, 9,10, 11, 13, 14, 15, 16, or 17 was committed. You must consider each Count separately, and come to unanimous agreement as to whether the government has satisfied its burden of proving that the particular crime was committed.

Second: that the defendant helped to commit the crime or encouraged someone else to commit the crime identified in the particular Count.

Third: that the defendant intended to help commit or encourage the crime identified in the particular Count.

Fourth: that the defendant's conduct in helping or encouraging the crime identified in the particular Count took place outside the United States

Fifth: that the defendant's conduct in helping or encouraging the crime identified in the particular Count took place while the defendant was a member of the Armed Forces subject to the Uniform Code of Military Justice. As a matter of law, I instruct you that an active duty member of the Armed Forces is subject to the Uniform Code of Military Justice.

Sixth: that the defendant's conduct in helping or encouraging the crime would constitute an offense punishable by imprisonment for more than 1 year if the conduct had been engaged in than the special and territorial jurisdiction of the United States. As a matter of law, I instruct you that aiding and abetting the crimes identified in Counts 3-11 and 13-17 are punishable by imprisonment for more than 1 year if the conduct had been engaged within the special maritime and territorial jurisdiction of the United States.

Proof that the defendant may have known about the crime in a particular Count, even if he was there when it was committed, is not enough for you to find him guilty of that Count. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without

more it is not enough.

What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements as to a particular charge, say so by returning a guilty verdict on as to that charge. If you have a reasonable doubt about any of these elements as to a particular charge, then you cannot find the defendant guilty of that charge as an aider and abettor. You must consider the aiding and abetting charge separately as to each Count.

## INSTRUCTION NO. 28
### Attempt – Basic Elements

Counts 11 and 17 of the Indictment accuse the defendant of attempting to commit the crimes of aggravated sexual abuse and obstruction of justice in violation of federal law. Under the law, it is not necessary for you to find that the defendant actually succeeded in committing these particular crimes. You may also find him guilty of each crime if he attempted to commit the crime.

For you to find the defendant guilty of attempting these crimes as alleged in a particular Count, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt as to that particular Count:

First: that the defendant intended to commit the crime of aggravated sexual abuse (Count 11, as defined in Instruction No. 24), or obstruction of justice (Count 17, as defined in Instruction No. 26). You must consider each Count separately, and be in unanimous agreement on the same count or counts.

Second: that the defendant did some overt act that was a substantial step towards committing the crime as charged in the particular count (Count 11-aggravated sexual abuse, or Count 17-obstruction of justice).

Third: that the defendant's conduct in attempting to commit the particular crime took place outside the United States.

Fourth: that the defendant's conduct in attempting to commit the particular crime took place while the defendant was a member of the Armed Forces subject to the Uniform Code of Military Justice. As a matter of law, I instruct you that an active duty member of the Armed Forces is subject to the Uniform Code of Military Justice.

Fifth: that the defendant's conduct in attempting to commit the crime would constitute an offense punishable by imprisonment for more than 1 year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States. As a matter of law, I instruct you that attempted aggravated abuse (Count 11) and attempted obstruction of justice (Count 17) are crimes punishable by imprisonment for more than 1 year if the conduct had been engaged in within the special and territorial jurisdiction of the United States.

Merely preparing to commit a crime is not a substantial step. The defendant's conduct must go beyond mere preparation, and must strongly confirm that he intended to commit the crimes charged in Counts 11 or 17. But the government does not have to prove that the defendant did everything except the last act necessary to complete the crime. A substantial step beyond mere preparation is enough.

If you are convinced that the government has proved all of these elements as to a particular charge,

34

say so by returning a guilty verdict on as to that charge.  If you have a reasonable doubt about any of these elements as to a particular charge, then you cannot find the defendant guilty of that charge under the law of attempt.  You must consider the attempt charge separately as to each Count.

## INSTRUCTION NO. 29

You have heard evidence that the defendant may have been under the influence of a diminished mental capacity due to the stresses of war, which may make it impossible for him to have had the intent necessary to commit certain crimes. You have also heard evidence that the defendant may have been under the influence of alcohol at the time these crimes were alleged to have occurred, which may make it impossible for him to have the intent necessary to commit certain crimes.

With regard to Count 1-conspiracy to commit murder, you may consider the defendant's diminished mental capacity or intoxication, if any, in deciding if the government has proved beyond a reasonable doubt that the defendant intended to commit the crime of conspiracy to commit murder as set forth in Instruction No. 11.

With regard to regard to the Counts 3, 4, 5, and 6-premeditated murder, you may consider the defendant's diminished mental capacity or intoxication, if any, in deciding if the government has proved beyond a reasonable doubt that the defendant acted with premeditation as defined in Instruction No. 21.

With regard to Counts 7, 8, 9, and 10-murder committed in the perpetration of aggravated sexual abuse, you may consider the defendant's diminished mental capacity or intoxication, if any, in deciding if the government has proved beyond a reasonable doubt that the defendant attempted to perpetrate the crime of aggravated sexual abuse, as set forth in Instruction No. 23.

With regard to Count 11-aggravated sexual abuse, you may consider the defendant's diminished mental capacity or intoxication, if any, in deciding if the government has proved beyond a reasonable doubt that the defendant attempted to commit the crime of aggravated sexual abuse as set forth in Instruction No. 28.

With regard to Count 17-obstruction of justice, you may consider the defendant's diminished mental capacity or intoxication, if any, in deciding if the government has proved beyond a reasonable doubt that the defendant intended to impair the object's integrity or availability for use in an official proceeding, as defined in Instruction No. 26.

With regard to Count 17-obstruction of justice, you may consider the defendant's diminished mental capacity or intoxication, if any, in deciding if the government has proved beyond a reasonable doubt that the defendant attempted to commit the crime of obstruction of justice, as set forth in Instruction No. 28.

## INSTRUCTION NO. 30

Next, I want to say a word about the date mentioned in the Indictment.

The Indictment charges that the crimes happened "on or about" March 12, 2006.  The government does not have to prove that the crime happened on that exact date.  But the government must prove that the crime happened close to that date.

**INSTRUCTION NO. 31**

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proven directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proven indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowing did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

**INSTRUCTION NO. 32**

That concludes the part of my instructions explaining the elements of the crimes.  Next I will explain some rules you must use in considering some of the testimony.

## INSTRUCTION NO. 33

A defendant has an absolute right not to testify. The fact that he did not testify cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

**INSTRUCTION NO. 34**

You have heard the testimony of witnesses who have been promised by the government that they will be sentenced more leniently in exchange for their testimony against the defendant.

It is permissible for the government to make such a promise. But you should consider such testimony with more caution than the testimony of other witnesses. Consider whether his testimony may have been influenced by the government's promise.

**INSTRUCTION NO. 35**

You have heard the testimony of Jesse Spielman, James Barker, Paul Cortez, and Bryan Howard. You have also heard that they were involved in the same crimes that the defendant is charged with committing. You should consider their testimony with more caution than the testimony of other witnesses.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

The fact that others have pleaded guilty to a crime is not evidence that the defendant is guilty, and you cannot consider this against the defendant in any way.

43

## INSTRUCTION NO. 36

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

44

## INSTRUCTION NO. 37

Remember that you must make your decision based on the evidence that you saw and heard in court. Do not try to gather any information about the case on your own while you are deliberating.

For example, do not conduct any experiments inside or outside the jury room, do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; and do not conduct any independent research, reading, or investigating about the case.

Make your decision based only on the evidence that you saw and heard here in court.

## INSTRUCTION NO. 38

Remember that if you elected to take notes during the trial, your notes should only be used as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

## INSTRUCTION NO. 39

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

## INSTRUCTION NO. 40

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that – your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 41

Deciding punishment is not an issue in your present deliberations.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict on whether the defendant is guilty of the charged offenses.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 42

I have prepared a verdict form that you should use to record your verdict.

If you decide that the government has proved a charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved a charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  Your foreperson should then sign the form, put the date on it, and return it to me.

## INSTRUCTION NO. 43

As I explained to you earlier, the charges of premeditated murder include the lesser charges of murder in the second degree.

If you find the defendant not guilty of premeditated murder for a particular Count or if after making every reasonable effort to reach a unanimous verdict, you find that you cannot agree, then you must go on to consider whether the government has proved the lesser charge of murder in the second degree as to that Count.

If you decide that the government has proved this lesser charge beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the verdict form. If you decide that the government has not proved this lesser charge beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

## INSTRUCTION NO. 44

Remember that the defendant is only on trial for the particular crimes charged in the Indictment, and the lesser charges I described for you. Your job is limited to deciding whether the government has proved the crime charged or one of the lesser charges.

Also remember that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

## INSTRUCTION NO. 45

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.