UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:06-CR-19-R

UNITED STATES OF AMERICA                                           PLAINTIFF

v.

STEVEN D. GREEN                                                   DEFENDANT

**OPINION AND ORDER**

Defendant has moved the Court to (1) dismiss and/or preclude sentencing on counts 3-10, alternatively to (2) dismiss and/or preclude sentencing on counts 13-15, and alternatively to (3) permit sentencing on one murder count per victim. The United States has responded (DN 247). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion is DENIED.

First, the Court holds that the Double Jeopardy Clause does not preclude sentencing on counts 3-10 in this matter. In general, the Double Jeopardy Clause "'protects against multiple punishments for the same offense.'" *Missouri v. Hunter*, 459 U.S. 359, 366 (1983) (citation omitted). However, where Congress intended "to impose multiple punishments, imposition of such sentences does not violate the Constitution." *Albernaz v. United States*, 450 U.S. 333, 344 (1981). In the Sixth Circuit, the first step in determining whether a defendant can be punished cumulatively is to examine congressional intent. *See United States v. Johnson*, 22 F.3d 106, 107-8 (6th Cir. 1994). Thus, the Court must first determine whether Congress intended to punish cumulatively violations of 18 U.S.C. § 1111 and 18 U.S.C. § 924(j).

The Sixth Circuit has not directly addressed whether Congress intended § 924(j) to impose a cumulative punishment, but it has found that punishments for violations of § 924(c) should be imposed in addition to the penalty for the predicate crime. In *Johnson*, the Sixth

Circuit held that Congress intended to punish cumulatively violations of the federal armed carjacking statute, 18 U.S.C. § 2119, and of § 924(c). The court stated that "Congress wanted to make sure in § 924(c) that all federal crimes of violence committed with a firearm are enhanced" and "Congress intended to impose additional punishment for the same conduct." *Id.* at 108. The Court also reasoned that the carjacking statute was enacted after §924(c), and "'[a]bsent language expressing a departure from § 924(c) . . . we must read the later enacted statutes in harmony with Congress's previously expressed intent to impose cumulative punishments." *See also United States v. Jolivette*, 257 F.3d 581, 585 (6th Cir. 2001) (finding no violation of the Double Jeopardy clause by the imposition of cumulative punishments for a violation of the armed bank robbery statute, 18 U.S.C. § 2113(a), and § 924(c)).

Other circuits, however, have addressed whether Congress intended to impose cumulative punishments for violations of § 924(j) and predicate crimes, and have found that Congress did intend to impose multiple punishments. *See United States v. Battle*, 289 F.3d 661, 669 (10th Cir. 2002) ("[I]n enacting § 924(c)(1) and § 924(j)(1), Congress clearly intended 'to provide multiple punishments to defendants who commit violent crimes while using or carrying a firearm.'"); *United States v. Allen*, 247 F.3d 741, 769 (8th Cir. 2001) (finding § 924(j) should not be construed independently of § 924(c) because § 924(j) expressly incorporates § 924(c) and because § 924(j) may be interpreted as an additional aggravating punishment for the scheme set out in § 924(c)), *judgment vacated on other grounds*, 536 U.S. 953 (2002); *United States v. Staggs*, 152 F.3d 931 (9th Cir. 1998) ("[I]nterplay between subsection (c) and subsection (j) clearly indicates that Congress intended to impose cumulative punishment for violations of section 924(c)(1), (j)(1) and section 1111." ).

Section 924(c) provides that its punishment "shall" be imposed "in addition to the punishment provided" for a crime of violence. Section 924(j) does not contain the same "in addition to" language. Instead, it provides for a punishment of death, life imprisonment, or imprisonment for any term of years if a person in the course of violating § 924(c) murders a person (as defined by §1111) through the use of a firearm. Nevertheless, the Court agrees with the analysis of the Eighth, Ninth, and Tenth Circuits and finds that Congress intended to impose cumulative punishments for a § 924(j) conviction and its underlying crime. Section 924(j) expressly incorporates § 924(c) by reference, and cannot be read independently from it.

Therefore, even though the § 1111 murder counts fail the test set forth in *Blockburger v. United States*, 284 U.S. 299 (1932), because they do not require proof of a different fact than the § 924 counts, imposition of punishments pursuant to both the § 1111 murder counts and the § 924 counts do not violate the Double Jeopardy Clause.

Second, in the alternative, Defendant argues that the Court must dismiss counts 13-15 under the "except clause" of § 924(c)(1)(A) because sentencing is precluded under § 924(c) where a greater minimum sentence is provided by law. The case law to which Defendant cites does not support his argument, nor does the language of § 924(c)(1)(A).[1] Therefore, the Court finds that Defendant's argument is without merit.

---

[1] Section 924(c)(1)(A) states, in pertinent part:
Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall . . . be sentenced to a term of imprisonment . . .

3

Third, in the alternative, Defendant states that only one capital count per victim may go to the jury because triple exposure for each of the four deaths skews the deliberative process in favor of the death penalty in violation of the 8th Amendment.  The Court disagrees.  The jury will be instructed to evaluate each charged count separately and independently.  The Court is confident that the jury will follow these instructions and that exposure to multiple capital counts will not skew the deliberations unconstitutionally in favor of the death penalty.  *See Allen*, 247 F.3d at 770.

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion is DENIED.