UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO.: 5:06-CR-19-R

UNITED STATES V. STEVEN DALE GREEN

# SPECIAL VERDICT FORM

# COUNT 3

## SECTION I. AGE OF DEFENDANT
## Count 3

<u>Instructions</u>: Answer "YES" or "NO."

Do you, the jury, unanimously find the government has established beyond a reasonable doubt that the defendant was eighteen (18) years of age or older at the time of the offense?

YES ✓                  NO_____


Foreperson

If you have answered "YES" please continue to Section II: Threshold Mental State. If you have answered "NO" cease your deliberations with respect to this Count, and proceed to Section VII: Certification.

## SECTION II. THRESHOLD MENTAL STATE FACTORS
### Count 3

**Instructions:** For each of the following, answer "YES" or "NO."

(A) Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant intentionally killed Abeer Al-Janabi?

YES ✓              NO_____


Foreperson

(B) Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant intentionally inflicted serious bodily injury that resulted in the death of Abeer Al-Janabi?

YES ✓              NO_____


Foreperson

(C) Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Abeer Al-Janabi died as a result of the act?

YES ✓              NO_____

Foreperson

(D) Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Abeer Al-Janabi died as a direct result of the act?

YES ✓            NO _____



Foreperson

**Instruction: If you have answered "YES" to either A, B, C, <u>or</u> D, please continue to Section III: Statutory Aggravating Factors. If you have answered "NO" to A, B, C, <u>and</u> D, cease your deliberations with respect to this Count, and proceed to Section VII: Certification.**

## SECTION III. Statutory Aggravating Factors
## Count 3

**Instructions:** For each of the following, answer "YES" or "NO."

(A) Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that the defendant intentionally killed Abeer Al-Janabi in an especially heinous, cruel, or depraved manner in that it involved serious physical abuse to her, as set out in Instruction No. 3?

    YES ✓        NO ____


Foreperson

(B) Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that the defendant committed the offense of premeditated murder after substantial planning and premeditation to cause the death of Abeer Al-Janabi, as set out in Instruction No. 3?

    YES ✓       NO ____


Foreperson

(C) Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that the victim, Abeer Al-Janabi, was particularly vulnerable due to youth, as set out in Instruction No. 3?

    YES ✓       NO ____


Foreperson

(D) Do you, the jury, unanimously find beyond a reasonable doubt that the government has established beyond a reasonable doubt that the defendant intentionally killed more than one person in a single criminal episode, as set out in Instruction No. 3?

YES ✓                    NO _____

Foreper[redacted]

**Instruction: If you answered "YES" to either A, B, C, or D, please continue to Section IV: Non-Statutory Aggravating Factors. If you answered "NO" to all of the statutory aggravating factors set out in Section III, then stop your deliberations as to this Count, cross out Sections IV, V, and VI of this form, and proceed to Section VII of this form.**

## Section IV. Non-Statutory Aggravating Factors
## Count 3

**Instructions:** For each of the following, answer "YES" or "NO."

(A) Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant killed Abeer Al-Janabi in order to eliminate her as a possible witness to his crimes, and that fact tends to support imposition of the death penalty?

YES ✓                    NO _____


Foreperson

(B) Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant caused injury, harm, and loss to the family of Abeer Al-Janabi, as evidenced by her personal characteristics as a human being and the impact of her death on her family, and that fact tends to support imposition of the death penalty?

YES ✓                    NO _____


Foreperson

**Instruction:** Regardless of whether you answered "YES" or "NO" with respect to these non-statutory aggravating factors, please proceed to Section V: Mitigating Factors.

## Section V: Mitigating Factors
## Count 3

**Instructions**: For each of the following mitigating factors indicate, in the space provided, the number of jurors who have found the existence of that mitigating factor to be proven by a preponderance of the evidence. Extra spaces are provided at the end of the section to write additional mitigating factors found by one or more jurors.

1. Sgt. Paul Cortez, equally culpable in the crime, will not be punished by death. This is a statutory mitigating factor.

    Number of jurors who so find      __3__

2. Spc. James Barker, equally culpable in the crime, will not be punished by death. This is a statutory mitigating factor.

    Number of jurors who so find      __3__

3. PFC Green's capacity to appreciate the wrongfulness of the defendant's conduct or to conform conduct to the requirements of law was significantly impaired, regardless of whether the capacity was so impaired as to constitute a defense to the charge. This is a statutory mitigating factor.

    Number of jurors who so find      __3__

4. PFC Green committed the offense under severe mental or emotional disturbance. This is a statutory mitigating factor.

    Number of jurors who so find      __5__

5. The defendant did not have a significant prior history of other criminal conduct. This is a statutory mitigating factor.

    Number of jurors who so find      __7__

6. In its criminal prosecutions of Sgt. Paul Cortez, Spc. James Barker, and PFC Jesse Spielman for their involvement in the murders, the United States imposed terms of imprisonment that will make each of them eligible for parole in 10 years, and that fact tends to mitigate imposition of the death penalty.

    Number of jurors who so find      __3__

8

7. Steven Green offered to reenlist in the Army. If allowed back in the Army, PFC Green would have again been subject to the Uniform Code of Military Justice and could have been fully prosecuted and punished in the military system for the murders, as were Sgt. Paul Cortez, Spc. James Barker, PFC Jesse Spielman, and PFC Bryan Howard. Steven Green offered to re-enter the Army and subject himself to prosecution and punishment for the murders under the Uniform Code of Military Justice, the United States Army declined to accept his offer to reenlist, and these facts tend to mitigate imposition of the death penalty.

Number of jurors who so find     __6__

8. After Green was discharged, the United States could have tried Paul Cortez, James Barker, Jesse Spielman, and the defendant together in this court under civilian law and procedures before a civilian judge and jury for their involvement in the murders; or the Army could have accepted Green's offer to reenlist and tried all of them in military court under the law and procedures of the Uniform Code of Military Justice before a military judge and jury, and this fact tends to mitigate imposition of the death penalty.

Number of jurors who so find     __6__ 

9. This case should have been tried in the military justice system under the Uniform Code of Military Justice, as were the cases of Sgt. Paul Cortez, Spc. James Barker, PFC Jesse Spielman, PFC Bryan Howard, and Sgt. Anthony Yribe, and this fact tends to mitigate imposition of the death penalty.

Number of jurors who so find     __6__

10. The favorable plea agreements offered to and the lenient sentences imposed on Sgt. Paul Cortez, Spc. James Barker, PFC Jesse Spielman, PFC Bryan Howard, and Sgt. Anthony Yribe were offered favorable plea agreements and lenient sentences, and this fact tends to mitigate imposition of the death penalty.

Number of jurors who so find     __3__

11. PFC Green's combat stress was a substantial factor that contributed to the offenses, and this fact tends to mitigate imposition of the death penalty.

Number of jurors who so find     __5__

12. The Army command and Combat Stress Control personnel knew that PFC Green was at a high risk of homicidal conduct against Iraqi citizens due to his combat stress, but returned him to the field without proper treatment or follow up, and this fact tends to mitigate imposition of the death penalty.

        Number of jurors who so find      5

13. PFC Steven Green was suffering from psychological impairments which were identified by the United States Army and could have and should have been properly treated, but were not, and this fact tends to mitigate imposition of the death penalty.

        Number of jurors who so find      5

14. The Army should have declared PFC Green's platoon and squad to be not combat ready and withdrawn them from TCP duty, and this fact tends to mitigate imposition of the death penalty.

        Number of jurors who so find      4

15. Failure of the Army command to provide adequate command, control, and supervision of 1st Platoon and 1st Squad contributed to the murders, and this fact tends to mitigate imposition of the death penalty.

        Number of jurors who so find      4

16. PFC Green's platoon and squad suffered greater casualties and losses than other units, and this factor tends to mitigate the imposition of the death penalty.

        Number of jurors who so find      2

17. Failure of the Army command to recognize the unusually harsh and stressful conditions faced by 1st Platoon and 1st Squad contributed to the murders, and this fact tends to mitigate imposition of the death penalty.

        Number of jurors who so find      3

18. Failure of the Army command to adequately support 1st Platoon and 1st Squad contributed to the murders, and this fact tends to mitigate imposition of the death penalty.

        Number of jurors who so find      2

19. PFC Green military superiors played a leadership role in planning, authorizing, and executing the murders, and this fact tends to mitigate imposition of the death penalty.

        Number of jurors who so find     ~~0~~ 5 ~~0~~

20. PFC Green committed the offenses while under the influence and control of his military superiors, Sgt. Cortez and Spc. Barker, and this fact tends to mitigate imposition of the death penalty.

        Number of jurors who so find     6

21. PFC Green promptly confessed his involvement in the murders to Sgt. Anthony Yribe, his military superior and the head of the official Army team investigating the killings, and this fact tends to mitigate imposition of the death penalty.

        Number of jurors who so find     ~~0~~ 2 ~~0~~

22. Had Sgt. Anthony Yribe taken the proper and required steps to report PFC Green's timely confessions, PFC Green would have been prosecuted, tried, and sentenced by a military court under the Uniform Code of Military Justice, and this fact tends to mitigate imposition of the death penalty.

        Number of jurors who so find     ~~0~~ 5 ~~0~~

23. Steven Green never lied to his military superiors about his involvement in the murders, while Sgt. Paul Cortez, Spc. Barker, PFC Spielman, PFC Bryan Howard, and Sgt. Anthony Yribe repeatedly did so, and this fact tends to mitigate imposition of the death penalty.

        Number of jurors who so find     2

24. Army personnel engaged in a cover-up of the murders, and this fact tends to mitigate imposition of the death penalty.

        Number of jurors who so find     ~~0~~ 5 ~~0~~

25. PFC Steven Green was 20 years of age on March 12, 2006, and this fact tends to mitigate imposition of the death penalty.

        Number of jurors who so find     0

11

26. PFC Steven Green suffered from neurological and psychological problems that impaired his ability to function properly under the extreme stresses present in the Triangle of Death, and this fact tends to mitigate imposition of the death penalty.

    Number of jurors who so find      4

27. Steven Green suffers from a brain dysfunction which has impaired his ability to function in the absence of strong support and guidance, and this fact tends to mitigate imposition of the death penalty.

    Number of jurors who so find      3

28. Steven Green was subjected to emotional and physical abuse as a child, and this fact tends to mitigate imposition of the death penalty.

    Number of jurors who so find      3

29. Steven Green was subject to neglect as a child, and this fact tends to mitigate imposition of the death penalty.

    Number of jurors who so find      3

30. Steven Green was deprived of the parental guidance and protection he needed, and this fact tends to mitigate imposition of the death penalty.

    Number of jurors who so find      3

31. Steven Green's schoolwork and behavior markedly improved when he was in a supportive and structured environment, and this fact tends to mitigate imposition of the death penalty.

    Number of jurors who so find      3

32. Steven Green has a positive relationship with many people who care for and love him, and this fact tends to mitigate imposition of the death penalty.

    Number of jurors who so find      3

33. Steven Green joined the United States Army in a time of war, knowing that he would be sent into life threatening combat, and this fact tends to mitigate imposition of the death penalty.

    Number of jurors who so find      2

34. Steven Green did well at boot camp and was a good solider who served honorably until an unusually high number of horrific losses of his friends, fellow soldiers, and respected leaders at the hands of insurgents overwhelmed and broke him, and this fact tends to mitigate imposition of the death penalty.

Number of jurors who so find  ~~8~~ 4

35. Steven Green sought help for his psychological deterioration, but received substandard care, and this fact tends to mitigate imposition of the death penalty.

Number of jurors who so find  5

36. Steven Green may be rehabilitated if sentenced to life in prison without the possibility of release, and this fact tends to mitigate imposition of the death penalty.

Number of jurors who so find  3

37. If Steven Green is not sentenced to death, he will remain in prison for the rest of his life without the possibility of release and will die in prison, and this fact tends to mitigate imposition of the death penalty.

Number of jurors who so find  ~~8~~ 4

38. If Steven Green receives the death penalty, extended family members and friends will suffer harm, and this fact tends to mitigate imposition of the death penalty.

Number of jurors who so find  3

39. Other factors in PFC Steven Green's background, record, or character or any other circumstance of the offense that any juror finds mitigate against imposition of the death sentence. This is a statutory mitigating factor.

There are spaces in Section V (Mitigating Factors) of the Special Verdict Form to identify any additional mitigating factors that any one of you finds. It is not necessary, however to specifically articulate such additional factors. If you think there is some other mitigating factor present, but are simply not able to put it into words so that you can write it down on a list, you should still give that factor your full consideration.

1. _____

_____

Number of jurors who so find  0

2. _____

_____

              Number of jurors who so find          __0__

3. _____

_____

              Number of jurors who so find          __0__

4. _____

_____

              Number of jurors who so find          __0__

5. _____

_____

              Number of jurors who so find          __0__

**Instruction: Please proceed to Section VI: Sentencing Decisions. Continue your deliberations by filling out either Decision Form A imposing a sentence of death, Decision Form B imposing a sentence of life imprisonment without the possibility of release, or Decision Form C as appropriate.**

## Section VI: Sentencing Decision for Count 3

### Decision Form A
### Imposing Sentence of Death

Based upon consideration of whether the aggravating factors found to exist sufficiently outweigh any mitigating factor or factors found to exist, or in the absence of any mitigating factors, whether the aggravating factors are themselves sufficient to justify a sentence of death, and whether death is therefore the appropriate sentence in this case:

> We, the Jury, as to Steven Dale Green, based upon our consideration of the evidence and in accordance with the Court's instructions, determine by unanimous vote that a sentence of death be imposed.

_____

_____

_____

_____

_____

_____
Foreperson

_____
Date

**Please proceed to Section VII: Certificate.**

## Section VI: Sentencing Decision for Count 3

### Decision Form B
### Imposing Sentence of Life Imprisonment Without Possibility of Release

Based upon consideration of whether the aggravating factors found to exist sufficiently outweigh any mitigating factor or factors found to exist, or in the absence of any mitigating factors, whether the aggravating factors are themselves sufficient to justify a sentence of death, and whether death is therefore the appropriate sentence in this case:

> We, the Jury, as to Steven Dale Green, based upon our consideration of the evidence and in accordance with the Court's instructions, determine by unanimous vote that a sentence of life imprisonment without the possibility of release be imposed.

_____

_____

_____

_____
Foreperson

_____
Date

**Please proceed to Section VII: Certificate.**

## Section VI: Sentencing Decision for Count 3

### Decision Form C
### Deadlock as to Sentence

Despite all reasonable efforts to reach unanimous agreement, we, the Jury, are unable to reach a unanimous decision on either a sentence of death or a sentence of life imprisonment without the possibility of release

_5-21-09_
Date

___[signature redacted]___
Foreperson

**Please proceed to Section VII: Certificate.**

17

### Section VII: Certificate as to Count 3

By signing below, each of us individually certifies that consideration of the race, color, religious beliefs, national origin, or sex of Steven Green and of the victims, was not involved in reaching our respective individual decisions. Each of us individually further certifies that the same decision regarding a sentence would have been made no matter what the race, color, religious beliefs, national origin, or sex of the defendant or the victim may have been.



Foreperson

5-21-09
Date

**Please proceed to the Special Verdict Form for Count 4.**